Weldon, J.,
delivered tbe opinion of tbe court:
In 1863, a lot of land in tbe town of Beaufort, in St. Helena Parish, South Carolina, was sold by tbe direct tax commissioners of the United States to satisfy a tax assessed against it under tbe laws of tbe United States.
At tbe time of tbe sale tbe land belonged in fee to S. Prio-leau Chisolm, who died in 1880. His property descended to bis widow, Sarah P. Chisolm, and bis four children (claimants in No. 17972).
In 1866, John F. Porteous, as trustee for Sarah P. Chisolm, who was then tbe wife of tbe original owner, purchased said land for tbe price of three hundred dollars.
In 1890, the said Sarah P. Chisolm died, leaving a will, in which she devised all her estate, both real and personal, to Porteous R. Payne, the claimant in No. 17989.
The heirs at law of the original owner and the devisee of said Sarah P. Chisolm brought suits to recover compensation under the Act of March 2,1891 (26 Stat. L., 822), ch. 496.
The contention is as to what is the measure of claimants’' right of recovery. The claimants in No. 17972 insist that they have a right to recover on the basis of half of the assessed value, while the defendants contend that they are remitted to the latter clause of the fourth section and are entitled only to their share of the $300, less the tax assessed on the land. It is conceded tliat the claimant in No. 17989 is confined to that’ part of the statute as the measure of his rights.
It is contended by the defendants’ counsel that the cases at bar come within the case of Means, decided at the present term of the court {ante, p. 245), and that by the law of that decision all the parties in this joint proceeding are coequal in right and only entitled to recover in the aggregate the sum of $300, less the tax.
It was held on the facts in that case that the right of compensation rested on the last clause of the act of 1891, which is as follows:
"And provided further, That any sum or sums of money received into the Treasury of the United States from the sale- *331 of lands bid in for taxes in any State under the laws described in the first section of this act in excess of the tax assessed thereon shall be paid to the owners of the land so bid in and resold, or to their legal heirs or representatives.”
As is said in the Means Case:
“The fourth section, in substance, provides that the owner of lands which were rated for taxation as cultivated shall recover at the rate of $5 per acre, and for land not cultivated at the rate of $1 per acre. To that there is the proviso, ‘That in all cases where such owners or persons claiming under them have redeemed or purchased said lands or any part thereof from the United States they shall not receive compensation for the parts so redeemed or purchased.’”
It was held in the case of Murray (29 C. Cls. R., 368), that the purchase by the widow after the death of the original owner was in legal effect the purchase of a stranger, and did not affect the rights of the heirs under the act of 1891.
In the case of Means, the wife had purchased the land from the United States before the death of her husband, the original owner, and claimed one-third of the estate as heir at law of her husband, and the other two-thirds as heir of her daughter, who died after the death of her father. The question in that case was as to whether the plaintiff should recover under the clause allowing a specific compensation based on acres, the assessed value, or upon what the land sold for, less the tax. The court decided that inasmuch as the claimant had purchased the land, she was not entitled to recover by the acre, but was entitled to recover the proceeds of the land arising from the sale by the United States.
In the Means Case, there was a purchase by the person claiming under the original owner, and who came within that clause of the statute which provides—
“That in all cases where such owners or persons claiming under them have redeemed or purchased said lands or any part thereof from the United States they shall not receive compensation for the part so redeemed or purchased.”
In this case, the children and heirs of the original owner did not purchase the land, and, according to the Murray Case, are no more bound by the purchase of the trustee of their stepmother than if the purchase had been made by an absolute stranger. The equitable estate in the stepmother under the purchase by the trustee was subject to her will, and the heirs *332 •of tlie original owner were as thoroughly divested of all estate in the lands as they could be. Tlie original owner lost the land in law by tlie tax sale and bis failure to redeem, and lost the land in fact by not repurchasing it.
Tinder the act of 1891, if he were the claimant, he would be entitled to recover one-half of the assessed value, less the taxes; and his heirs have the same right, diminished by what passed by operation of law to other heirs as contradistinguished from his children. Measured by that rule, his children are entitled to recover two-thirds of one-half of the assessed value, less the taxes, and the legatee of Sarah P. Chisolm is entitled to recover the sum of $100, less one-third of the tax, as indicated by the conclusion of law.